**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: November 5 2014

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 13-35191 |
| | ) | |
| Kathryn B. Westbrook, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 14-3047 |
| | ) | |
| Fred L. Cousin, | ) | Judge John P. Gustafson |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Kathryn B. Westbrook, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDER

This case came before the court for an evidentiary hearing on October 20, 2014 upon what the court construes as *pro se* Plaintiff-Creditor Fred L. Cousin's ("Plaintiff") Amended Complaint to Determine the Dischargeability of Debt ("Complaint") [Doc. # 13], what Plaintiff refers to as a Motion to Dismiss ("Motion') [Doc. #15], Defendant Kathryn B. Westbrook's ("Defendant" or "Debtor") Answer to the Complaint ("Answer") [Doc. #16], and Defendant's Response to Plaintiff's Motion fo Dismiss ("Response") [Doc. #17]. Attorney for Defendant, Defendant, and *pro se*

Plaintiff appeared at the hearing in person. After considering Plaintiff's Complaint and Motion, the Defendant's Answer to the Complaint and Response to Debtor's Motion, and the arguments of counsel for the Defendant and the *pro se* Plaintiff on his own behalf at the hearing held on the matter, for the following reasons, the court will deny what *pro se* Plaintiff refers to as his Motion to Dismiss Debtor's underlying Chapter 7 case and will grant judgment on the Complaint in favor of the Defendant.

The underlying Chapter 7 bankruptcy case of Kathryn B. Westbrook was filed on December 27, 2013. Initially, the Debtor did not list the claim[1] of Fred L. Cousin. An Amended Schedule F was filed on April 4, 2014. [Case No. 13-35191, Doc. #11]. The last day to oppose the discharge or dischargeability (or to seek dismissal of the case under §707(b)) was April 21, 2014. *See*, Form ohnb 9A, "Notice of Chapter 7 341(a) Meeting of Creditors & Deadlines", Case Number 13-35191, Doc. #5. Plaintiff Cousin had obtained a state court judgment against the Debtor. The existence of the debt was known[2], and it should have been listed in the initial Schedules.

On April 21, 2014, Plaintiff filed a one page handwritten complaint, stating that he was "objecti[ng] to the dischar[ge] of [his] debt" in Defendant's underlying Chapter 7 case. [Doc. #1]. In Defendant's Answer to Plaintiff's initial complaint, Defendant asserted that Plaintiff had failed to state a claim upon which relief could be granted. [Doc. #7]. On May 27, 2014, Plaintiff filed a document titled "Supplement Motion Denying Defendants Bankruptcy Debt to Plaintiff." In his Supplement Motion, Plaintiff clarified that he "Was Not Included in The File" and did not receive notice of Defendant's bankruptcy filing. The court construed this as Plaintiff referencing the fact that he was not initially listed as a creditor in Defendant's bankruptcy petition. [Doc. #8].

On June 2, 2014, the court held a pretrial on Plaintiff's Complaint. At that time, the court instructed Plaintiff that neither his initial Complaint nor his Supplement Motion made mention of any facts or any section of the Bankruptcy Code which would support his claim that the debt owed to him should not be discharged. The court specifically stated that it could not give the *pro se*

---

[1]/ The law in the Sixth Circuit related to notice in a "no asset" Chapter 7 case is set forth in *In re Madaj*, 149 F.3d 467 (6th Cir. 1998) and *In re Rosinski*, 759 F.2d 539 (6th Cir. 1985). The Chapter 7 Trustee filed a "no asset" report in the Chapter 7, Case No. 13-35191. [Case No. 13-35191, Doc. #9].

[2]/ To understand why the underlying loan was made, and why the debt was known, Plaintiff is Debtor's father.

Plaintiff any legal advice, but that 11 U.S.C. Section 523(a) is the section of the Bankruptcy Code that governs the exceptions to the dischargeability of a debt. At the conclusion of the hearing, the court granted Plaintiff sixty (60) days to file an amended complaint. [Doc. # 11].

Plaintiff's Amended Complaint, filed on August 1, 2014, was titled "Motion to Dismiss Chapter 7 Bankruptcy Filing on Grounds of U.S. Code 727 - Discharge, an 'Abuse' of the Bankruptcy System, Income Test and Means Test Rules." Within the Complaint, under the subsection titled "U.S. Code 727 - Discharge Chapter 7 Bankruptcy Rule," Plaintiff alleged that the Defendant did not tell the truth in her bankruptcy petition. Plaintiff claimed that Defendant misstated her marital status, listed the wrong household size, and that the income listed in the means test did not match documentation from her bankruptcy. As a result of these alleged misstatements, Plaintiff claimed that Defendant violated 11. U.S.C. §727(a) and that her Chapter 7 bankruptcy case should, therefore, be dismissed. [Doc. #13]. At the end of this pleading, Plaintiff quotes Section 727(a)(4)(A-C), including the subsection dealing with a "false oath or account".

On August 5, 2014, Plaintiff filed a Supplement to his Amended Complaint [Doc. #14] and what Plaintiff referred to as a Motion to Dismiss [Doc. #15], in which he requested that the court dismiss Defendant's Chapter 7 case under Rule 4006[3], as an "abuse" of the bankruptcy system[4], and under Section 727. Plaintiff's Motion to Dismiss contained the same allegations that were in his Amended Complaint: that (1) Defendant stated the wrong household size on her petition; and (2) Defendant's current income does not match the documentation in her Chapter 7 case. [*Id.*].

In Defendant's Answer to Complaint [Doc. # 16] and her Response to Plaintiff's Motion to Dismiss [Doc. 17], she denied all allegations stated in the Complaint, requested that the action be dismissed at Plaintiff's cost, and that the Motion to Dismiss be denied. In support of her requests, Plantiff denied that she misstated any information in her petition, and she affirmatively stated that she provided evidence to the court that proved her income and that she listed the correct household size. [*Id.*]

---

[3]/ As discussed at an earlier hearing, in this context, Federal Rule of Bankruptcy Procedure 4006 deals with how notice is to be given if a discharge is denied, revoked or closed without a discharge being granted. It is not an independent basis for relief. *See also*, Rule 2002(f)(6).

[4]/ Dismissal of a Chapter 7 case for abuse of the bankruptcy system is governed by 11 U.S.C. Section 707(b).

14-03047-jpg    Doc 38    FILED 11/05/14    ENTERED 11/05/14 11:04:57    Page 3 of 7

In the order setting the Complaint for evidentiary hearing, the court clarified the issues at hand, while noting that a *pro se* complaint is to be liberally construed. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). However, the Court is not required to fabricate allegations which are not pleaded, or conversely, ignore the facts that have been pleaded. *See*, *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

Based upon each party's filings, and discussions held with the parties at several pretrial hearings, the court set forth in its Order the factual issue that would support the relief sought in Plaintiff's Complaint (as amended and supplemented), which was dismissal of Kathyrn B. Westbrook's Chapter 7 case. [Doc. #30]. The key issue was whether not the Defendant was married at the time of filing, and not divorced as reflected in her Petition, Schedules, and Form 22A Means test. According to Defendant-Debtor's Petition, she was not married at the time of filing, and the only income she and her two children received was from Social Security Disability[5]. However, if evidence were provided that the Defendant-Debtor was married, and if additional income from an undisclosed spouse was not included in her petition, then Plaintiff might have standing to seek dismissal under Section 707(b) of the Bankruptcy Code[6] because the Debtor might be over the median income level. If Defendant had no additional source of income separate from Social Security Disability, then Plaintiff could not utilize Section 707(b), as the Debtor would fall below the median income level in Ohio.

Section 707(b)(6) states:

> (6) Only the judge or United States trustee (or bankruptcy administrator, if any) may file a motion under section 707(b), if the current monthly income of the debtor, or in a joint case, the debtor and the debtor's spouse, as of the date of the order for relief, when multiplied by 12, is equal to or less than–
>
> > (A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;

---

[5]/ Under Section 101(10A)(B), "current monthly income" "excludes benefits received under the Social Security Act.

[6]/ Plaintiff cited Section 727(a) as another basis for dismissal of the Chapter 7 case. However, dismissal is not a remedy that is available for violations of Section 727. Section 707(b) is the Code provision cited by Plaintiff that would permit dismissal of the bankruptcy case.

4

> (B) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median family income of the applicable State for a family of the same number or fewer individuals; or
>
> (C) in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $675 per month for each individual in excess of 4.

In this case, the Debtor's Petition, in both Line 14 of the Means Test and Schedule I, reflect a household size of three. [Case No. 13-35191, Doc. #1 at pp. 7 & 46].

The same issue, whether the Debtor's household size and income level were materially false, would determine whether the Debtor made a "false oath or account", under Section 727(a)(4), in filing out her Schedules, and the Means Test.

At the Evidentiary Hearing, no evidence was offered by the Plaintiff. The Defendant offered six (6) exhibits, each of which was admitted into evidence without objection by the Plaintiff. Exhibit A was Defendant's Separation Agreement, entered into on May 21, 2012, which provided that Defendant and her then husband were separated as of the aforementioned date. Exhibit B was Defendant's "Statement Regarding [her] Income," which stated that "she has no pay advices to file with the court as she only has social security income." Exhibit C was a copy of the letter provided from Defendant's attorney to the Chapter 7 Trustee, which informed the Trustee that the Defendant "had no W-2 income for the past 2 years." [Doc. #36]

Exhibit D was a copy of a letter sent to Defendant from Rosalie N. Musachio, the attorney who represented Defendant in her divorce. The letter informed Defendant that a copy of the Final Decree of Dissolution was enclosed. Exhibit E was a "green card" from the United States mail, signed by the Plaintiff on October 6, 2014, which certified that a copy of the Defendant's Final Decree of Dissolution was received by Plaintiff. Exhibit F was a copy of Defendant's aforementioned Final Decree of Dissolution. The Final Decree of Dissolution was entered on August 9, 2012, by the Common Pleas Court of Lucas County, Ohio, Domestic Relations Division. [*Id*].

While Plaintiff made no objections to the admission of the Exhibits offered by the Defendant, he attempted to support his Complaint and his Motion to Dismiss by repeated

reference to the Ohio Rules of Civil Procedure, specifically "Civil Rule 86," which he also mentioned in his Response to the Order of the Court for Evidentiary Hearing. [Doc. #35]. However, the Federal Rules of Civil Procedure and federal common law govern claims brought in federal court. *See, Taylor v. Javitch, Block & Rathbone, LLC.*, 2012 WL 2375494 at *2 n.1, 2012 U.S. Dist. LEXIS 86727 at *5-6 n.1 (N.D. Ohio June 22, 2012)(a copy of the *Taylor* decision will be mailed out with this Memorandum); *see also, Gafford v. General Electric Co.*, 997 F.2d 150, 165-66 (6th Cir. 1993)("The Federal Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts. . ."). Other than Civil Rule 86, Plaintiff did not cite any other basis under which a Chapter 7 case could be dismissed based upon a delay in providing notice to one creditor.

While Plaintiff's debt should have been listed by Debtor in the original bankruptcy filings, the deadlines creditor actions are generally set at Sixty (60) days from the first date set for the first meeting of creditors. *See*, Federal Rules of Bankruptcy Procedure 1017(e)(1), 4004(a) and 4007(c). The Plaintiff was listed in amendments filed on April 4, 2014, and his initial Complaint was filed before the expiration of the deadline on April 21, 2014. Thereafter, Plaintiff was granted Sixty (60) days to seek to obtain an attorney and to amend his Complaint.

In the case at hand, Defendant has provided sufficient evidence to prove to the court that she was not married at the time she filed her petition, and that her income, made up entirely of Social Security, does not exceed the median income level for the State of Ohio because Social Security income is excluded from the calculation by the statutory definition of "current monthly income". *See*, 11 U.S.C. §101(10A)(B). As such, the court finds that Plaintiff does not have standing to seek dismissal under Section 707(b), because the Debtor has income that is below the median income level for the State of Ohio. *See*, §707(b)(6). Moreover, the Debtor did not make a "false oath or account" under Section 727(a)(4) in listing her income and a family size of Three (3) in her bankruptcy court filings.

Accordingly, because the court finds that Plaintiff does not have standing to seek dismissal under 707(b), and because the Defendant presented the court with satisfactory evidence that proves she did not make a "false oath or account" under Section 727(a)(4), the court shall enter judgment on the Complaint against the Plaintiff and in favor of the

Defendant.

For good cause shown, based on the foregoing reasons and authorities,

**IT IS ORDERED** that Plaintiff's Motion to Dismiss [Doc. # 15] is hereby **DENIED**.

The court will enter a separate Judgment in accordance with this memorandum of decision.

###

7

14-03047-jpg    Doc 38    FILED 11/05/14    ENTERED 11/05/14 11:04:57    Page 7 of 7